IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNY L. PRICE and, ) | |
| ROY R. PRICE, JR., ) | |
|     Plaintiffs, ) | |
|     v. ) | Civil Action No. 3:05-424J |
| ) | |
| GENERAL CABLE INDUSTRIES, INC., ) | |
| International Union of Electronic, ) | |
| Electrical, Salaried Machine and ) | |
| Furniture Workers of America (IUE-CWA) ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

This case comes before the Court upon General Cable Industries, Inc.'s (hereinafter "Defendant") Motion to Dismiss at Document No. 6 and upon International Union of Electronic, Electrical, Salaried Machine and Furniture Workers of America (hereinafter "Defendant IUE-CWA") Motion to Dismiss at Document No. 12. Based upon a review of the record in the case *sub judice* and relevant case law, as well as this Court's consideration of Federal Rules of Civil Procedure 12(b)(6) and 41(b) and Local Rule 7.1 for the United States District Court for the Western District of Pennsylvania, the Court shall grant in part Defendants' motions for the following reasons.

## JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1331 based on federal question jurisdiction. Specifically, Penny L. Price and Roy R. Price, Jr. (hereinafter "Plaintiffs") have brought, *inter alia*, a claim alleging the breach of a collective bargaining agreement between the Plaintiffs and Defendants. The Court observes that when an allegation of a breach of a collective bargaining agreement arises

under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), the United States District Court has original jurisdiction over the civil action pursuant to 28 U.S.C. § 1331; accordingly, the above-captioned civil action is removable to this Court pursuant to 28 U.S.C. § 1441(b).

**FACTUAL AND PROCEDURAL HISTORY**

On November 6, 1989, the Plaintiff, Penny L. Price, began employment with the Defendant, General Cable. (Document No. 1, Exhibit A-Notice to Defend and Complaint). Plaintiff also alleges that since her initial date of employment, she "was a member in good standing of IUE Local 123 . . ." *Id.* The Plaintiff claims that she was "discharged against statutory, contractual and public policy" since she was subject to discharge "only upon just cause pursuant to Article XV of the General Cable and IUE Articles of Agreement." *Id.*

On October 19, 2005, Plaintiffs filed a complaint against the Defendants in the Court of Common Pleas of Blair County, Pennsylvania. The complaint alleged the following counts: Breach of Contract; Discrimination; Emotional Distress; and Loss of Consortium. (Document No. 1, Exhibit A-Notice to Defend and Complaint).

On November 8, 2005, Defendant, General Cable Industries, filed a Notice of Removal to the District Court for the Western District of Pennsylvania. (Document No. 1).

On November 14, 2005, Defendant, General Cable Industries, filed a Motion to Dismiss Plaintiffs' Complaint. (Document No. 6). Thereafter, on November 18, 2005, the Court directed Plaintiffs to respond to Defendant's motion by November 30, 2005. (Document No. 10).

On November 22, 2005, Defendant, IUE-CWA, also filed a Motion to Dismiss Plaintiffs' Complaint. (Document No. 12). Thereafter, on November 29, 2005, the Court directed Plaintiffs

to respond to Defendant's motion by December 13, 2005. (Document No. 14).

The Plaintiffs have failed to file a response to either motion to dismiss.

## STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court observes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this legal standard, the court accepts all pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

The plaintiff, however, cannot rest on reasonable inferences, and he must file a response to such motion if directed by the court. For example, Fed.R.Civ.P. 41(b) provides in part:

> **(b) Involuntary Dismissal: Effect Thereof.**
> For failure of the plaintiff to prosecute[1] or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

---

[1] The Court also notes that in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit identified six factors that are relevant to deciding whether to dismiss for failure to prosecute. Specifically, the Court of Appeals set forth the following criteria for considering whether dismissal is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868. However, "not all of the *Poulis* factors need be satisfied in order to dismiss a petition." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992)(Quoted in *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 381 F.Supp.2d 421, 62 Fed.R.Serv.3d 727 (E.D.Pa.,2005)).

Fed.R.Civ.P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.734 (1962)(interpreting Fed.R.Civ.P. 41(b) as permitting *sua sponte* dismissals by the court). Indeed, a failure to file a responsive brief may indicate in the appropriate circumstances that a motion to dismiss is unopposed. For example, in *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992), the Third Circuit determined the following:

> The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule. In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

*Stackhouse*, 951 F.2d at 30; *see also Hollister v. U.S. Postal Service*, 142 Fed.Appx. 576, 577, 2005 WL 1715777, *1 (3d Cir. 2005)(The Third Circuit affirmed the district court's determination that although Hollister, a licensed attorney acting *pro se*, filed a response brief in opposition to the U.S.P.S.'s initial motion to dismiss and filed an amended complaint, Hollister's failure to file a responsive brief to U.S.P.S.'s motion to dismiss Hollister's amended complaint "indicated that U.S.P.S.'s motion to dismiss was unopposed.")

The Court observes that Local Rule 7.1 sets forth guidelines for "Motion Practice" in the United States District Court for the Western District of Pennsylvania. The general requirements provide that the party filing the motion must provide notice to the opposing party regarding the time when the "said motion will be filed with the clerk of court." *See* L.R. 7.1(A)(2). When read in conjunction with the Federal Rules of Civil Procedure 12(b)(6) and 41(b), it is clear that the

opposing party must reply to a motion to dismiss as directed by court order or suffer the appropriate consequences.

**DISCUSSION**

Initially, the Court notes that the Plaintiffs have been represented by counsel since they filed a civil cause of action against the Defendants in the Court of Common Pleas of Blair County, Pennsylvania. Additionally, the Court observes that the procedural history of the case *sub judice* clearly indicates that Plaintiffs were directed in two separate orders to file responses to two separate motions to dismiss. (Document Nos. 10 & 14). Furthermore, the Court's review of the docket reveals that the parties have not entered into any stipulation regarding an extension of time in which Plaintiffs can respond to Defendants' motions; nor have the Plaintiffs filed a motion requesting an extension of time in which to respond to Defendants' motions.

In addition to the above-referenced facts, the Court considers that Defendants have been faced with claims that they consider wholly unmeritorious. In response, Defendants adhered to the governing rules of civil procedure in responding to Plaintiffs' allegations with two motions to dismiss. It is clear that in order for district courts to have an opportunity to streamline cases and weed out all types of unsupported and unsupportable claims, the rules of civil procedure must be closely followed by both parties.

To that end, the Plaintiffs must exercise common sense in both filing allegations and in responding to motions in order to avoid unnecessarily burdening the opposing party and the district court with allegedly meritless claims. Such diligence is not merely a matter of convenience for the court, but it is also controlled by the standards of civil procedure that litigants are bound to follow in preparing pleadings and motions for the court. Moreover, these standards provide an orderly

sequence for managing cases and resolving legal disputes. Accordingly, based upon the discretionary authority set forth in Rule 41(b) and the legal standards set forth by the Third Circuit, the Court determines that both Defendants' Motions to Dismiss are deemed as unopposed, and the motions to dismiss are granted without prejudice. Furthermore, the Court shall grant the Plaintiffs the opportunity to file an amended complaint as set forth in the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNY L. PRICE and,<br>ROY R. PRICE, JR.,<br>　　　　　　　Plaintiffs,<br>　　v.<br>GENERAL CABLE INDUSTRIES, INC.,<br>International Union of Electronic,<br>Electrical, Salaried Machine and<br>Furniture Workers of America (IUE-CWA)<br>　　　　　　　Defendants. | Civil Action No. 3:05-424J |

## ORDER

**AND NOW**, this 3rd day of January, 2006, upon consideration of the Defendants' Motions to Dismiss at Document Nos. 6 & 12 and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that both of Defendants' Motions to Dismiss are deemed as unopposed, and the motions to dismiss are granted without prejudice; furthermore, the Plaintiffs may file an amended complaint on or before January 23, 2006.

BY THE COURT:

*[signature]*

The Honorable Kim R. Gibson
United States District Judge

cc:　All counsel of record.